1

2

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

3

4

5

6

7

Duston Miller,

         Plaintiff

v.

Charles Daniels, et al.,

         Defendants

Case No.: 2:23-cv-00764-JAD-DJA

**Order Granting Motions to Extend Time
and to Seal Exhibit**

[ECF Nos. 22, 23, 27, 31]

8

9

10

11

12

13

14

15

16

      Pro se plaintiff Duston Miller sues several Nevada Department of Corrections officials for Eighth Amendment violations related to the Department's handling of the COVID-19 pandemic and First Amendment violations after an official retaliated against Miller for trying to file a grievance. Both parties move to extend the December 20, 2024, deadline to file dispositive motions by approximately 30 days.[1] I find good cause to extend that deadline *nunc pro tunc* to January 29, 2025. I thus deem timely the summary-judgment motion that the defendants filed on that date. Miller also moves for an extension of time to respond to that summary-judgment motion, citing a prison transfer and reduced law-library time as cause for the request.[2] Miller has shown good cause for a 30-day extension to respond, so I grant his extension motion.

17

18

19

20

      The defendants move to file a summary-judgment exhibit containing Miller's medical records under seal.[3] "The public has a 'general right to inspect and copy public records and documents including judicial records and documents.'"[4] "Although the common law right of

21

22

23

---

[1] ECF Nos. 22, 23.

[2] ECF No. 31.

[3] ECF No. 27.

[4] *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (quoting *Nixon v. Warner Commcns., Inc.*, 435 U.S. 589, 597 (1978)).

access is not absolute, '[courts] start with a strong presumption in favor of access to court records.'"[5] "A party seeking to seal judicial records [attached to a dispositive motion] can overcome the strong presumption of access by providing 'sufficiently compelling reasons' that override the public policies favoring disclosure."[6] "When ruling on a motion to seal court records, the district court must balance the competing interests of the public and the party seeking to seal judicial records."[7]

I have reviewed the sealed exhibit in camera, and I conclude that there are compelling reasons to seal. The exhibit contains Miller's medical records, and the need to protect medical privacy is a compelling one that outweighs the public's interest in access to that information. So I grant the defendants' motion to seal.

### Conclusion

IT IS THEREFORE ORDERED that the parties' motions to extend the dispositive-motion deadline **[ECF Nos. 22 & 23] are GRANTED** *nunc pro tunc* to January 29, 2025.

IT IS FURTHER ORDERED that the defendants' motion to seal **[ECF No. 27] is GRANTED**. The Clerk of Court is directed to **MAINTAIN THE SEAL on ECF No. 28**.

IT IS FURTHER ORDERED that Miller's motion for an extension of time to respond to the defendants' summary-judgment motion **[ECF No. 31] is GRANTED. Miller must file his response by Friday, March 21, 2025**.

_____
U.S. District Judge Jennifer A. Dorsey
February 20, 2025

---

[5] *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

[6] *Id.* (quoting *Foltz*, 331 F.3d at 1135).

[7] *Id.* (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)).