UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Duston Miller,<br><br>           Plaintiff,<br><br>v.<br><br>Nevada Department of Corrections, et al.,<br><br>           Defendants. | Case No. 2:23-cv-00764-JAD-DJA<br><br>**Order** |

      Before the Court is pro se Plaintiff Duston Miller's motion for reconsideration of the Court's order denying Plaintiff's motion to compel. (ECF No. 40). Plaintiff titles his motion an "objection," but asks the Court to "rehear and reconsider" Plaintiff's motion to compel. So, the Court construes Plaintiff's motion as one for reconsideration.

      Plaintiff's reconsideration request arises under Federal Rule of Civil Procedure 60, under rule which the Court may provide relief from a judgment or order. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (explaining that "[a] document filed *pro se* is to be liberally construed"). Under Rule 60(b), in relevant part, a court may relieve a party from an order for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence; (c) fraud, misrepresentation, or misconduct by an opposing party; (d) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1), (2), (3), (6). Relief under the Federal Rule of Civil Procedure 60(b)(6)—providing for relief "for any other reason that justifies relief"—is only available in extraordinary circumstances. *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981). A motion for reconsideration is properly denied if it presents no new arguments. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985). Whether to grant reconsideration is in the court's discretion. *See id.*

      Plaintiff does not provide any persuasive reasons for the Court to reconsider its order denying his motion to compel. The Court originally denied that motion because Plaintiff did not

indicate that he made a good faith effort to meet and confer with Defendants before bringing his motion. In his motion for reconsideration, Plaintiff asserts that, after he sent his discovery requests to Defendants' counsel, he sent two letters to Defendants' counsel asking to discuss the discovery requests, but Defendants' counsel did not respond to those letters. Plaintiff did not include information about these letters in his original motion to compel. The Court does not find that this warrants reconsideration of the motion to compel under Federal Rule of Civil Procedure 60. Instead, the Court finds that the parties would benefit from a meet and confer. *See* LR 16-1(d). The Court will order the parties to meet and confer regarding Plaintiff's discovery requests and will require Defendants' counsel to initiate that meet and confer conference given Plaintiff's assertion that he is having difficulty with his mail.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to reconsider (ECF No. 40) is **denied.**

**IT IS FURTHER ORDERED** that the parties must meet and confer regarding Plaintiff's discovery requests on or before **August 11, 2025.** Defendants' counsel shall initiate scheduling the meet and confer.

DATED: July 11, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE